SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JARED K. LEBEAU, Cal. Bar No. 292742
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
Email:      pklee@sheppardmullin.com
            jlebeau@sheppardmullin.com

Attorneys for Allstate Indemnity Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GREENBERG, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>ALLSTATE INDEMNITY COMPANY, OSCAR GIRALDO, and DOES 1-100, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**DEFENDANT ALLSTATE INDEMNITY COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)**<br><br><br>Complaint Filed:    July 7, 2015 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, under 28 U.S.C. sections 1441(b) and 1446, defendant Allstate Indemnity Company ("Allstate") hereby removes the state court action described below from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, and submits the following statement of facts, which entitles it to removal:

## I.    COMPLIANCE WITH STATUTORY REQUIREMENTS

1.    On or about July 7, 2015, plaintiff Jeffrey Greenberg filed a lawsuit in the Superior Court of California for the County of Los Angeles entitled *Jeffrey Greenberg v. Allstate Indemnity Company, Oscar Giraldo, and DOES 1-100, inclusive*, case no. BC587202.  Attached as **Exhibit A** is a true and correct copy of the Complaint.  The Complaint alleges a single cause of action for breach of the covenant of good faith and fair dealing.

2.    Allstate was served with the Complaint on July 20, 2015.

3.    Allstate answered the Complaint on August 12, 2015.  Attached as **Exhibit B** is a true and correct copy of the Answer.

4.    Here, Allstate's removal is timely because it was filed within 30 days after it was served with the Complaint.  *See* 28 U.S.C. § 1446(b)(1).

5.    Pursuant to 28 U.S.C. § 1446(d), Allstate will promptly provide written notice of removal of this action to plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles.

6.    The United States District Court for the Central District of California embraces Los Angeles, the county in which this Action is brought.  Therefore, the Court is a proper venue for this Action pursuant to 28 U.S.C. §§ 84(c) and 1441(a).

## II.    STATEMENT OF THE GROUNDS FOR REMOVAL

7.    Allstate removes this action under 28 U.S.C. § 1441.  Removal is proper because (i) there is complete diversity between Allstate and plaintiff, (ii) defendant Giraldo is a sham defendant and should be disregarded, and (iii) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests.

### A.    There is Complete Diversity Between Allstate and Plaintiff

8.    Allstate is, and was at the commencement of the state court action, a corporation organized and existing under the laws of the State of Illinois, with its

principal place of business in Cook County, Illinois. Allstate does not have a substantial predominance of its corporative activities in the State of California. Its corporate "nerve center" is in Northbrook, Illinois. Thus, Allstate is, and was at the commencement of the state court action and at the time of the removal, a resident and citizen of the State of Illinois, as well as of the United States.

9. The named plaintiff, Jeffrey Greenberg, is and was at the commencement of the state court action and at the time of removal, a citizen and resident of the County of Los Angeles, State of California, as well as of the United States. (Ex. A [Complaint], ¶ 1.) There is no indication that plaintiff is or was a citizen of Illinois, the only fact that would destroy diversity of citizenship in this case.

10. Plaintiff's naming of 100 fictitious "Doe" defendants, without identifying their residence, has no effect on the diversity analysis in this case. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing Section 1441(a)).

**B.    Defendant Giraldo Should Be Disregarded as a Sham Defendant**

11. The Complaint alleges only a single cause of action for breach of the implied covenant of good faith and fair dealing. (Ex. A, pp. 6-7.) But the Complaint acknowledges that defendant Giraldo was employed by Allstate as a claim adjuster. (Ex. A, ¶ 3.) Because Giraldo was only a claim adjuster and not a party to the insurance contract, he cannot be liable for breach of the implied covenant and the Complaint, therefore, fails to state a claim against him. *See Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 824 (1979) (holding claim adjusters are not parties to the insurance contract and, thus, not subject to the implied covenant); *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973) ("Obviously, the non-insurer

defendants were not parties to the agreements for insurance, therefore, they are not, as such, subject to an implied duty of good faith and fair dealing."); *Iversen v. Superior Court*, 57 Cal. App. 3d 168, 171 (1976) ("Since [the adjuster] is an agent of the insurer and not a party to the contract of the insurance, he is not bound by the implied covenant and owes no duty to the insured not to breach it.").

12.    Moreover, defendant Giraldo was acting at all times within the course and scope of his employment. (Ex. A [Complaint], ¶ 3.) It is axiomatic that if an agent acts in the name of the principal and the agency is fully disclosed, only the principal can be held liable for the acts of the agent. *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245 (E.D. Cal. 1992) (joinder of agent of the insurer does not defeat diversity where agency is disclosed to insured) (citing *Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1966)); *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1142 (C.D. Cal. 1998) (joinder of individual defendant improper; plaintiff could not state any colorable claim for negligent and intentional torts against individual defendant who acted with scope of disclosed agency for an insurer.); *Good v. Prudential*, 5 F. Supp. 2d 804 (N.D. Cal 1998) (same). Plaintiff admits that defendant Giraldo was a fully disclosed agent acting in the course and scope of his employment with Allstate. For this additional reason, the Complaint does not state a valid claim against Giraldo.

13.    Thus, plaintiff has no cause of action against Giraldo and he was named as a defendant solely for the purpose of thwarting jurisdiction.

14.    Because Giraldo is an improperly joined party, the court may disregard his citizenship for purposes of determining diversity and he cannot defeat diversity jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503 (E.D. Cal. 2008); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002).

15.     Furthermore, because Giraldo is a fraudulently and improperly joined defendant, the rule of unanimity for removal does not apply to him, and his joinder in this removal petition is not required for it to be procedurally proper. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002).

16.     Disregarding defendant Giraldo and all of the "Doe" defendants, the only remaining defendant is Allstate.  Complete diversity exists between plaintiff and Allstate, meeting the diversity requirements of 28 U.S.C. § 1332(d).

### C.     The Amount-in-Controversy Requirement Is Met

17.     Attorneys' Fees: Plaintiff seeks to recover the attorneys' fees he incurred in order to recover the arbitration award in the underlying claim.  (Ex. A, ¶ 19 [plaintiff's claim for *Brandt* fees]; Prayer for Relief ¶ 3).  The Complaint alleges that plaintiff recovered a net arbitration award of $200,855.06 to compensate him for his underlying underinsured motorist claim with Allstate. (Ex. A, ¶ 15; "Statement of Decision and Arbitration Award," attached hereto as **Exhibit C**, pp. 3-4.)  Allstate is informed and believes that plaintiff's attorney in the underlying arbitration was retained on a contingency fee basis and recovered 40% of the arbitration award – i.e., approximately $80,000.

18.     Emotional Distress: Plaintiff seeks general damages, including emotional distress damages.  (Ex. A, ¶ 19, Prayer for Relief, ¶ 2.)  Emotional distress damages are included in determining the amount in controversy. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447 (S.D. Cal. 1995).  Some courts have held that emotional distress damages in a bad faith action by itself could exceed the minimum $75,000 threshold. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1251 (C.D. Cal. 2012) ("The Court finds that it is more likely than not that emotional distress damages may be substantial if Cain's allegations in the Complaint are accepted as true.  If such damages were awarded, those damages alone could exceed the minimum $75,000

threshold."); *see also Richmond*, 897 F. Supp. at 450-51 (holding removal was proper because plaintiff's emotional distress damages were potentially substantial).

19. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain*, 890 F. Supp. 2d at 1250; *see also Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, *4 (N.D. Cal. 2008). In bad faith cases, juries frequently award emotional distress damages well in excess of the minimum $75,000 amount in controversy. *See, e.g., Clayton v. United Servs. Auto. Assn.*, 54 Cal. App. 4th 1158 (1997) (emotional distress award of $400,000 for insurance bad faith); *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004) (jury awarded $400,000 in emotional distress damages for bad faith damages stemming from denial of disability benefits); *Ace v. Aetna Life Ins. Co.*, 40 F. Supp. 2d 1125 (D. Alaska 1999) (jury verdict initially awarded $100,000 for emotional distress due to wrongful denial of disability benefits).

20. <u>Punitive Damages</u>: Plaintiff also seeks punitive damages in an amount to be determined at trial. (Ex. A, ¶20, Prayer for Relief, ¶ 5). Punitive damages are also included in determining whether the amount in controversy requirement has been met. *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995); *Physicians Health Plan v. Citizens Ins. Co.*, 673 F. Supp. 903, 910 (W.D. Mich. 1987).

21. Here, plaintiff's claim for attorneys' fees of $80,000 alone satisfies the amount-in-controversy requirement. When emotional distress and punitive damages are also considered, the total damages plaintiff seeks in this action is over $80,000, which is in excess of the jurisdictional limit

22. Based upon the foregoing, this action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court by Allstate under 28 U.S.C. § 1441(b), in that there is complete diversity between Allstate and plaintiff, and this matter is a civil

Case No. _____

action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests.

WHEREFORE, Allstate prays that the state court action now pending against it in the Superior Court for the State of California for the County of Los Angeles be removed to this United States District Court for the Central District of California.

Dated:  August 18, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    _____s/ Peter H. Klee_____
                    PETER H. KLEE

Attorneys for Allstate Indemnity Company

Case No. _____

SMRH:452214569.3          DEFENDANT ALLSTATE INDEMNITY COMPANY'S NOTICE OF REMOVAL

# EXHIBIT A

DAVID LEDERER, ESQ. (SBN: 160700)
SEEMA BHATT, ESQ. (SBN: 275278)
**LEDERER & NOJIMA, LLP**
12100 Wilshire Blvd., Suite 480
Los Angeles, CA 90025
(310) 312-1860
(310) 477-3481 Facsimile

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 0 7 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES- CENTRAL DISTRICT

| | |
|---|---|
| JEFFREY GREENBERG, an individual, | CASE NO. **BC 587 202** |
| Plaintiff, | *Unlimited Jurisdiction* |
| | *Complaint* |
| vs. | BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING |
| ALLSTATE INDEMNITY COMPANY, OSCAR GIRALDO, and DOES 1-100, inclusive | |
| Defendant. | |

Plaintiff, Jeffrey Greenberg (hereinafter "Plaintiff"), for his Complaint, brings this action against Defendant ALLSTATE INDEMNITY COMPANY, Defendant OSCAR GIRALDO, DOES 1-00 (hereinafter "Defendants") as follows:

### PARTIES AND BACKGROUND

1.      Jeffrey Greenberg is a competent adult who at all times relevant herein was a resident of the County of Los Angeles in the State of California.

2.      Defendant Allstate and Does 1 through 100, are, and at all times mentioned herein were, corporations or business entities licensed to do and doing business as insurance companies in all of the Counties of the State of California. Among other things, said Defendant Allstate issued insurance policies, established practices and procedures for the handling of claims, investigated

1

COMPLAINT

Page 8

and handled claims arising under insurance policies, employed attorneys with respect to claims arising under insurance policies issued by said Defendant and issued, among other policies of insurance, those dealing with automobiles with such provisions as, among other things, underinsured motorist benefits ("UIM") on behalf of its insureds, including Plaintiff.

3. Defendant Oscar Giraldo is an individual employed by Defendant Allstate Indemnity Company and Does 1 through 100. Defendant Giraldo was the adjuster handling Plaintiff Greenberg's UIM claim against Defendant Allstate Indemnity Company. Defendant Giraldo now and at all times relevant herein was a resident of the State of California.

4. Plaintiff does not know the true names or legal capacities of the Defendants sued herein as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a Doe is legally responsible in some manner for breach of the implied covenant of good faith and fair dealing or, in some other actionable manner, for the events and happenings hereinafter referred to as well as were tortiously responsible in some manner for illegally causing the injuries and damages to Plaintiff as hereinafter alleged, including, but not limited to, tortious liability based upon the laws of general negligence, professional negligence, products liability, volunteer liability and any other statutory and common law tort liability giving rise to third-party standing on the part of Plaintiff. Plaintiff will seek leave of Court to amend his Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same has been ascertained.

5. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants, whether specifically named or designated herein as a Doe, were the agents, representatives, servants, employees, principals, joint-venturers, co-conspirators, management companies and/or representatives of each of the remaining co-Defendants and, in doing the acts hereinafter alleged, were acting within the course and scope of said agency, employment, joint-venture, conspiracy, re-insurance agreement, coinsurance agreement, management company

2

COMPLAINT

agreement and/or service with the approval, knowledge, authority, acquiescence and/or ratification of each of the remaining Defendants.

6. All of the acts and conduct herein and below described of each and every corporate Defendant was duly authorized, ordered and directed by the respective and collective Defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the Defendant corporations, collectively and respectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

7. At all times herein mentioned, the acts and conduct complained of against Defendant, and each of them, resulting in injuries and damages to this Plaintiff transpired and occurred in the County of Los Angeles, State of California.

8. During the past 15 years, Plaintiff has continuously been insured by Defendant for automobile liability insurance and has carried all recommended coverage, including Under Insured Motorist Coverage.

## FACTS

8. On May 27, 2010, Mr. Jeffrey Greenberg was involved in a rear-end collision in Los Angeles, CA. His vehicle sustained $16,314.48 in property damage. As a result of the collision, he required the following treatment: Multiple trigger point injections to cervical spine; multiple epidurals to cervical spine; multiple rhizotimies to cervical spine; epidural injections to lumbar spine; left shoulder surgery; right knee replacement and left wrist casting. His medical bills totaled approximately $215,000. Mr. Greenberg submitted a third-party demand to the other driver involved in the collision and received the policy limits of $15,000 shortly thereafter.

3

COMPLAINT

9.     On December 6, 2012, a UIM demand was sent to Defendant Allstate and Defendant Giraldo with a formal demand for arbitration. At that time, Allstate was given sufficient information regarding the claim. They were given ample evidence regarding clear liability, the severe nature of the accident, Mr. Greenberg's extensive injuries, and Mr. Greenberg's medical bills of $78,642.43. Defendant was also told that Mr. Greenberg continued to treat for injuries related to this accident. Defendant Allstate and Defendant Giraldo were also given information regarding Mr. Greenberg's prior medical history. In sum, Defendant Allstate and Defendant Giraldo were given sufficient information with which to evaluate the claim. Despite this, Defendant Allstate and Defendant Giraldo denied Mr. Greenberg's claim and offered nothing despite knowing the third-party under-insured motorist paid his maximum policy limits of $15,000.

10.    Discovery began and Defendant Allstate and Defendant Giraldo received Mr. Greenberg's discovery responses in March, 2013. Mr. Greenberg's deposition was taken in July, 2013. By Mr. Greenberg's discovery responses and by information obtained through his deposition, Defendant Allstate and Defendant Giraldo were made aware that that Mr. Greenberg had undergone additional extensive medical treatment related to this accident after the demand letter was sent and that Mr. Greenberg continued to suffer from debilitating pain related to this incident. Namely, Defendant Allstate and Defendant Giraldo were made aware that Mr. Greenberg had received multiple trigger point injections to his cervical spine, multiple epidurals to his cervical spine, multiple rhizotimies to the cervical spine, treatment for his left wrist, right knee replacement, recommendations for surgery to his shoulder and cervical spine, and recommendations for epidural injections to the lumbar spine. Despite all of the above information, Defendant Allstate and Defendant Giraldo's offer on this case remained "zero."

11.    From July, 2013 onwards, no discovery was conducted by Defendant Allstate and Defendant Giraldo. On January 13, 2014, for the second time, Plaintiff's Counsel requested arbitration and/or mediation on this case through contacting named counsel, Keith Hunter, Esq. Defendant Allstate and Defendant Giraldo once again refused to attend mediation and did not respond to Plaintiff's Counsel regarding arbitration until May 13, 2014 (after five months) despite

4

COMPLAINT

repeated letters, phone calls, and e-mails requesting a response regarding mediation and/or arbitration.

12.    Defendant Allstate and Defendant Giraldo continued to fail to investigate this case. At no time prior to arbitration did Defendant Allstate and Defendant Giraldo schedule the depositions of Plaintiff's treating physicians or interview them. No supplementary discovery requests were propounded by Defendant Allstate and Defendant Giraldo despite the fact that the last written responses Defendant Allstate and Defendant Giraldo had received were in May, 2013 regarding Mr. Greenberg's condition. Defendant Allstate and Defendant Giraldo failed to discover information regarding Mr. Greenberg's May, 2014 shoulder surgery and therefore did not take such shoulder surgery into account in Defendant Allstate and Defendant Giraldo analysis and offer. At the time, Mr. Greenberg's Howell medical bills exceeded $160,000.00 because of such shoulder surgery.

13.    Until August 20, 2014, less than a month before arbitration, Defendant Allstate and Defendant Giraldo made no offers on this clear liability rear-end case. Additionally Defendant Allstate and Defendant Giraldo blatantly refused to participate in mediation on this case. It was only after a letter was sent to Defendant Allstate and Defendant Giraldo on August 7, 2014 confirming that Defendant Allstate and Defendant Giraldo had made no settlement offers on this case that Defendant Allstate and Defendant Giraldo extended a low ball offer of $75,000 despite knowing that Mr. Greenberg's medical bills were far in excess of this amount.

14.    In addition, despite Defendant Allstate and Defendant Giraldo's own defense medical expert Dr. Andrew Rah stating in his deposition on September 8, 2014 that: (1) Claimant's billing charges of $160,000.00 were reasonable; (2) 100% of Claimant's treatment for his lumbar spine is related to this accident; (3) cervical spine surgery for Mr. Greenberg is reasonable; and (4) a "significant" portion of Claimant's left shoulder condition is related to this accident, Defendant Allstate and Defendant Giraldo company refused to increase their offer on this case.

15.    Plaintiff was forced to proceed to arbitration. On September 12, 2014, Plaintiff arbitrated its claims against Defendant Allstate and Defendant Giraldo before mutually agreed-

5

COMPLAINT

upon arbitrator Darryl Forgey, Esq. of Judicate West. After hearing the evidence, Mr. Forgey awarded Plaintiff a net award of $200,855.06 after a $15,000 reduction for the third-party settlement.

## CAUSE OF ACTION

### (Tortious Breach of the Covenant of Good Faith and Fair Dealing)

### (Against all Defendants)

16.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 15.

17.     Insurance Code Section 790.03(h)(5) states that it is an unfair settlement practice not to "attempt[] in good faith to effectuate a prompt, fair, and equitable settlement of claims in which liability has become reasonably clear." In factual circumstances parallel to those here, the Court in Maslo v. Ameriprise held that the Insured's complaint adequately stated a claim for violation of Insurance Company Code 790.03(h)(5) and bad faith by the insurer. *Maslo v. Ameriprise Auto & Home Insurance Company* - filed June 27, 2014, Second District, Div. Four. Cite as 2014 S.O.S. 3280. The court reasoned that the insurer, when presented with evidence of a valid uninsured motorist claim, failed to investigate or evaluate the claim, insisting instead that its insured proceed to arbitration. *Id.* The court stated the insurer's right to resolve a disputed claim through arbitration does not relieve it of its statutory and common law duties to fairly investigate, evaluate and process the claim, nor may the insurer who breached those duties escape liability for bad faith simply because the amount ultimately awarded in arbitration was less than the policy limits or the insured's initial demand. *Id.* Furthermore, the court found the complaint adequately alleged causation where, as pled, the conduct of the insurer made arbitration inevitable and settlement impossible. *Id.*

18.     By refusing to reasonably settle Plaintiff's claim, Defendant acted unreasonably, failed to deal fairly and in good faith and acted without proper cause in refusing to faithfully perform its contractual obligations to Plaintiff for a loss covered by the policy.

19.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has suffered damages, including *Brandt* fees, in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

20.   Defendants' conduct in denying Plaintiff benefits and refusing to reasonably settle his claims was willful, wanton and in conscious disregard of the rights of Plaintiff. Specifically, Defendant knew that Plaintiff's medical bills were in excess of $200,000. Nevertheless, Defendant deliberately and consciously refused to make any effort at all to settle the subject underinsured motorist claim in the hope that Plaintiff would either drop the claim entirely or take less than fair and equitable value. Defendants knew that the most that they would have to pay was $235,000 and that they would not have to pay prejudgment interest or reimburse plaintiff for any costs. Defendants also knew that plaintiff would have to pay expert witness fees and that this would reduce his net recovery. Finally, Defendants knew that the longer they would delay payment, the more money they could make on the use of the finds which rightfully belonged to Plaintiff. As a result, Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JEFFREY GREENBERG prays for judgment against Defendants, and each of them, as follows:

1. For special damages

2. For all general damages in an amount to be proven at trial;

3. For attorneys fees incurred herein;

4. All costs incurred herein;

5. Punitive damages in an amount to be determined at trial;

6. For interest at the legal rate of interest; and

7. All other and further relief that the Court deems to be just and proper.

DATED: July 2, 2015                    LEDERER & NOJIMA, LLP

Seema Bhatt, Esq.
Attorney for Plaintiff, JEFFREY GREENBERG

7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAVID LEDERER, ESQ.      SBN: 160700<br>LEDERER & NOJIMA LLP<br>12100 Wilshire Blvd, Suite 480, LOS ANGELES, CA 90025<br>TELEPHONE NO.:310-312-1860    FAX NO.:310-477-3481<br>ATTORNEY FOR *(Name):* JEFFREY GREENBERG | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUL 0 7 2015**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: GREENBERG v. ALLSTATE INDEMNITY COMPANY. ET AL.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: **BC 5 8 7 2 0 2**<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* ONE
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: JULY 2, 2015

DAVID LEDERER, ESQ.
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Page 15

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

| SHORT TITLE: GREENBERG v. ALLSTATE INDEMNITY COMPANY, ET. AL. | CASE NUMBER BC 5 8 7 2 0 2 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? X YES    CLASS ACTION? YES  LIMITED CASE? YES   TIME ESTIMATED FOR TRIAL 5 _____ HOURS/ X DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Page 17

| SHORT TITLE: GREENBERG v. ALLSTATE INDEMNITY COMPANY, ET AL. | CASE NUMBER |
|---|---|

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |  |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |  |
|  | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |  |
|  | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |  |
|  | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |  |
|  | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |  |
|  |  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |  |
|  | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |  |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |  |
|  | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |  |
|  |  | ☐ A6109  Labor Commissioner Appeals | 10. |  |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5. |  |
|  |  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5. |  |
|  |  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2, 5. |  |
|  |  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2, 5. |  |
|  | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2, 5., 6, 11 |  |
|  |  | ☐ A6012  Other Promissory Note/Collections Case | 2, 5, 11 |  |
|  |  | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |  |
|  | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2, 5., 8. |  |
|  | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2, 3., 5. |  |
|  |  | ☒ A6031  Tortious Interference | 1., 2, 3., 5. |  |
|  |  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2, 3., 8. |  |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |  |
|  | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6. |  |
|  | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6. |  |
|  |  | ☐ A6032  Quiet Title | 2, 6. |  |
|  |  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6. |  |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2, 6. |  |
|  | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2, 6. |  |
|  | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6. |  |
|  | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6. |  |

| LACIV 109 (Rev 3/15) | **CIVIL CASE COVER SHEET ADDENDUM** | Local Rule 2.3 |
|---|---|---|
| LASC Approved 03-04 | **AND STATEMENT OF LOCATION** | Page 2 of 4 |

Page 18

| SHORT TITLE: GREENBERG v. ALLSTATE INDEMNITY COMPANY, ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| LACIV 109 (Rev 3/15)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 3 of 4 |
|---|---|---|

| SHORT TITLE GREENBERG v. ALLSTATE INDEMNITY COMPANY, ET AL. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br> 1.   2.   3.  ☒4.   5.   6.   7.   8.   9.   10.   11. | ADDRESS:<br><br>AT OR NEAR INTERSECTION 10731 W PICO BOULEVARD |
|---|---|

| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90064 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: JUNE 2. 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 4 of 4

Page 20

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

BC 587202

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | | |
|---|---|---|---|---|---|---|---|---|---|
| | Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. John L. Segal | 50 | 508 | | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Mitchell L. Beckloff | 51 | 511 | | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | | |
| | Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | (74) | 735 | | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | | |
| | Hon. Debre K. Weintraub | 47 | 507 | | | | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on JUL 07 2015   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/15)
LASC Approved 05-06

**- NOTICE OF CASE ASSIGNMENT -**
**UNLIMITED CIVIL CASE**

Page 1 of 2

Page 21

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev. 04/15)
LASC Approved 05-06

— NOTICE OF CASE ASSIGNMENT —
UNLIMITED CIVIL CASE

Page 2 of 2

Page 22

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

Page 23

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)<br>LASC Approved 04/11<br>For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

SHORT TITLE:                                                          CASE NUMBER:

   iii.    Be filed within two (2) court days of receipt of the Request; and

   iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

Page 25

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____ )

Page 26

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

(INSERT DATE)   (INSERT DATE)

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11                 **STIPULATION – EARLY ORGANIZATIONAL MEETING**                 Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Page 29

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Page 30

| SHORT TITLE: | | CASE NUMBER: | |
|---|---|---|---|
| | | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Page 31

7.20.15
12:26 P.M.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** ALLSTATE INDEMNITY COMPANY, OSCAR
*(AVISO AL DEMANDADO):* GIRALDO, an individual and DOES 1-100 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* JEFFREY GREENBERG, an
individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 0 7 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 N Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* BC 5 8 7 2 0 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: DAVID LEDERER, ESQ.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEDERER & NOJIMA LLP
12100 Wilshire Blvd, Suite 480, LOS ANGELES, CA 90025       310-312-1860

DATE:                           SHERRI R. CARTER              Clerk, by        Judi Lara                    , Deputy
*(Fecha)*                                                     *(Secretario)* _____  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

JUL 07 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Page 32

**EXHIBIT B**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 2 2015

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JARED K. LEBEAU, Cal. Bar No. 292742
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:    619.338.6500
Facsimile:    619.234.3815
Email: pklee@sheppardmullin.com
          jlebeau@sheppardmullin.com

Attorneys for Defendant Allstate Indemnity Company

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JEFFREY GREENBERG, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY;<br>OSCAR GIRALDO; and DOES 1-100,<br>inclusive,<br><br>    Defendants. | Case No.  BC587202<br>The Hon. Teresa Sanchez-Gordon<br>Dept. 74<br><br>**ALLSTATE INDEMNITY COMPANY'S ANSWER TO THE COMPLAINT**<br><br>Complaint Filed: July 7, 2015 |

BY FAX

SMRH:445374111.1

ALLSTATE'S ANSWER TO THE COMPLAINT

Defendant Allstate Indemnity Company hereby answers the Complaint (the "Complaint") filed by plaintiff Jeffrey Greenberg as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Allstate generally denies the allegations of the Complaint.

## AFFIRMATIVE DEFENSES

Without conceding that it has the burden of proof as to any of these matters, Allstate submits the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint, and each purported claim for relief therein, fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Allstate is informed and believes, and based thereon alleges, that Plaintiff failed to mitigate his damages, if any, alleged or otherwise, and is therefore estopped from making or pursuing any claim thereon.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative or Contributory Fault)

Without in any way admitting that Plaintiff was in any way damaged, Allstate is informed and believes, and based thereon alleges, that if Plaintiff was damaged, the damages complained of were proximately caused in whole or in part by the comparative or contributory fault and negligence of Plaintiff and/or his agents and representatives.

## FOURTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

Without in any way admitting that Plaintiff was in any way damaged, Allstate is informed and believes, and based thereon alleges, that if Plaintiff was damaged, the

-1-

damage was caused in whole or in part by the acts of third parties other than Allstate.

## FIFTH AFFIRMATIVE DEFENSE

### (Offset / Credit)

In the event there is a finding of damages for Plaintiff, such damages must be offset to the extent Plaintiff received monetary benefits from collateral sources and/or by the amounts Plaintiff owes to Allstate and/or the credits to which Allstate is entitled from Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Material Misrepresentation)

To the extent that Plaintiff or any insured made a material misrepresentation during the claim or in connection with the insurance application, the Complaint, and each purported cause of action therein, is barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Concealment)

To the extent that Plaintiff or any insured concealed a material fact from Allstate during the claim or in connection with the insurance application, the Complaint, and each purported cause of action therein, is barred.

## EIGHTH AFFIRMATIVE DEFENSE

### (Condition Precedent)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiff failed to perform certain conditions precedent to any obligations or indebtedness that Allstate might otherwise have had toward him.

## NINTH AFFIRMATIVE DEFENSE

### (Ins. C. § 11580.2)

The Complaint, and each cause of action therein, is barred by the provisions of Insurance Code section 11580.2.

Page 35

-2-

## TENTH AFFIRMATIVE DEFENSE

### (Ins. C. § 11580.26)

The Complaint, and each cause of action therein, is barred in whole or in part, by the provisions of Insurance Code section 11580.26.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exclusions from Coverage)

The Complaint, and each purported cause of action therein, is barred and/or limited by one or more exclusions and limitations contained within the insurance policy issued to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Other Insurance)

Plaintiff's claims are barred by the "If There Is Other Insurance" provision in his Allstate policy:

> If the insured person was in, on, getting into or out of a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess. This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, we will only pay the amount by which the limit of liability of this policy exceeds the limit of liability of that policy.

> If more than one policy applies to the accident on a primary basis, the total benefits payable to any one person will not exceed the maximum benefits payable under the policy with the highest limit for uninsured motorists coverage. We will bear our proportionate share with other uninsured motorists coverage. This applies no matter how many autos or auto policies may be involved whether written by Allstate or another company.

> If more than one policy applies to the accident on an excess basis, the total benefits payable to any one person will not exceed the maximum benefits payable under the policy with the highest limit for excess uninsured motorist coverage. We will bear our proportionate share with other uninsured motorist coverage. This applies no matter how many autos or auto policies may be involved whether written by Allstate or another company.

Page 36

-3-

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Limits of Liability)

Plaintiff's claims may be barred by the following provisions in the Allstate policy:

. . .

3.     The limits for Coverage SS will be reduced by all amounts paid by or on behalf of the owner or operator of the underinsured motor vehicle.

4.     We are not obligated to make any payment for bodily injury under this coverage which arises out of the use of an underinsured motor vehicle until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been exhausted by payment of judgments or settlements.

5.     Any loss payable under Coverage SS will be reduced by:

a) all amounts payable under the bodily injury liability coverage provided by this policy.

b) all amounts payable under any workers compensation law.

6.     Subject to the limits of liability, damages payable will be reduced by any amount paid of due under this or any other automobile policy for:

a) medical payments coverage; or

b) coordinated medical payments coverage; or

c) any similar medical payments insurance.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Proof of Claim)

Plaintiff's claims are barred because he failed to comply with the Proof of Claim requirements of his Allstate policy:

As soon as possible any person making claim must give us written proof of claim. It must include all details we may need to determine the amounts payable. We may also require any person making claim to submit to questioning under oath and sign the transcript.

The injured person may be required to take medical examinations by physicians we choose, as often as we reasonable require. We must be given authorization to obtain

-4-

medical reports and copies of those records.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Action Against Allstate)

Plaintiff's claims are barred to the extent that Plaintiff failed to comply with the "Action Against Allstate" provision in the Policy:

No legal action can be brought against us under this coverage unless there is full compliance with all the policy terms or unless within one year from the date of the accident:

1.    suit for bodily injury has been filed against the uninsured motorist in a court of competent jurisdiction,

2.    agreement as to the amount due under this coverage has been concluded, or

3.    formal arbitration proceedings have been instituted.

If a suit has been filed against the uninsured motorist, the insured person must provide us with notice of the suit. The notice must be in writing and be provided within a reasonable time after the insured knew or should have known the motorist was uninsured. If we are prejudiced by a failure to give notice the claim will be denied. In no event will the notice be required before one year from the date of the accident.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Cooperate)

The Complaint, and each purported cause of action therein, is barred because Plaintiff failed to cooperate in Allstate's attempts to investigate the claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

The Complaint, and each purported cause of action therein, is barred because Allstate was privileged in acting as Allstate did and in making the statements and representations Allstate made to the persons to whom the statements and representations were made.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Allstate is informed and believes, and based thereon alleges, that Plaintiff, by his

-5-

actions, knowingly, voluntarily, and willingly waived any rights he may otherwise have had against Allstate.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Allstate is informed and believes, and based thereon alleges, that Plaintiff is estopped to assert the claims set forth in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands based on his conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action therein, is barred to the extent that it contains claims precluded, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 338, 339, and 340.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Limitation on Economic Damages)

While denying the allegations of the Complaint, Allstate alleges that if Plaintiff recovers, then under California Civil Code sections 1431.1, *et seq.*, Allstate is not liable for any non-economic damages that are not directly proportional to its respective percentage of fault.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Due Process)

An award of punitive damages greater than that of compensatory damages would violate Allstate's rights to due process under both the United States Constitution and the California Constitution.

Page 39

-6-

SMRH:445374111.1                                    ALLSTATE'S ANSWER TO THE COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Due Process)

Civil Code section 3294 is unconstitutionally vague under the Due Process Clause of the United States Constitution and the California Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

Any award of punitive damages based on anything other than Allstate's conduct specific to this lawsuit and/or to Plaintiff would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the California Constitution, because any other judgment for punitive damages in this case cannot protect Allstate against impermissible punishment for the same alleged wrong.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Due Process)

Unless both liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the Due Process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the California Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Allstate is informed and believes, and based thereon alleges, that it may have other separate and additional defenses of which it is presently unaware; Allstate reserves the right to allege other separate and additional defenses upon the discovery of additional facts during the course of discovery.

## PRAYER FOR RELIEF

Wherefore Allstate prays for relief as follows:

1.     That Plaintiff take nothing by way of the Complaint or any pleading on file herein;

2.     For attorneys' fees and costs incurred in the defense of this action; and

-7-

3.      For such other and further relief as this Court may deem just and proper.

Dated:  August 12, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
JARED K. LEBEAU

Attorneys for Defendant ALLSTATE
INDEMNITY COMPANY

Page 41

-8-

SMRH:445374111.1                                        ALLSTATE'S ANSWER TO THE COMPLAINT

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JARED K. LEBEAU, Cal. Bar No. 292742
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:    619.338.6500
Facsimile:    619.234.3815
Email:        PKlee@sheppardmullin.com
              JLebeau@sheppardmullin.com

Attorneys for Allstate Indemnity Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JEFFREY GREENBERG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY, OSCAR GIRALDO, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. BC587202<br><br>The Hon. Teresa Sanchez-Gordon Dept. 74<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed:    July 7, 2015 |

I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred. My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On August 12, 2015, I served a copy of the following document(s):

1.    **ALLSTATE INDEMNITY COMPANY'S ANSWER TO THE COMPLAINT**

☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

-1-

SMRH:446321918.1

PROOF OF SERVICE

David Lederer                          ***Attorneys for Plaintiff***
Seema Bhatt
LEDERER & NOJIMA, LLP                  Telephone:    (310) 312-1860
12100 Wilshire Blvd., Suite 480        Facsimile:    (310) 477-3481
Los Angeles, CA 90025                  E-mail:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on August 12, 2015.

_____
Nicole Lautzenheiser

Page 43

-2-

**EXHIBIT C**

Darrell A. Forgey, State Bar No. 055638
E-Mail: dforgey@judicatewest.com
JUDICATE WEST
601 S. Figueroa Street, Suite 4000
Los Angeles, California 90017
Telephone: (213) 223-1113
Facsimile: (213) 223-1114

## IN THE MATTER OF THE UNDERINSURED
## MOTORIST ARBITRATION BETWEEN

JEFFREY B. GREENBERG,

      Claimant,

      v.

ALLSTATE INDEMNITY COMPANY,

      Respondent.

CASE NO. A196827-26

**STATEMENT OF DECISION AND ARBITRATION AWARD**

### INTRODUCTION:

This matter came on regularly for Binding Underinsured Motorist Arbitration Hearing on September 12, 2014 before Neutral Arbitrator Darrell A. Forgey, Esq., at the offices of Judicate West in Downtown Los Angeles. The hearing lasted almost the entire day.

The parties were represented by two veteran legal professionals with John Nojima, assisted by Seema Bhatt, for the claimant and Keith Hunter for respondent. Liability was admitted and the case was submitted on the issues of liability and causation and damages and presented in a very professional manner by all counsel.

Respondent presented no jurisdictional or coverage issues. Witnesses testifying at the hearing included the claimant, Andrew Rah, M.D. (respondent's orthopedic expert); Keith Feder, M.D. (claimant's orthopedic expert); Laura Andrews (claimant's personal assistant); and Hyun

STATEMENT OF DECISION AND ARBITRATION AWARD

Page 44

ALL 000542

Bae, M.D. (claimant's spine specialist by videotape deposition). I reviewed the briefs of the parties with multiple exhibits including medical records and reports, the police report, photographs, discovery responses and other miscellaneous documents. The medical report of Dr. Rah dated September 4, 2013 was also read and considered.

**FACTS, EVIDENCE AND TESTIMONY**:

This first-party underinsured motorist claim arises out of a rear-end, two vehicle automobile accident occurring on May 27, 2010 at the intersection of Pico Boulevard and Selby Avenue in Los Angeles, California. Claimant's 2006 Porsche Carrera 911S was rear-ended by a vehicle being operated by the underinsured motorist Lomeli. Lomeli had $15,000 in insurance benefits and these limits were paid to claimant. Claimant also had $250,000 in underinsured motorist benefits with respondent and, therefore, $235,000 remains on respondent's policy. Claimant seeks those policy limits.

The impact appears to have been moderate at best as represented by the photographs of claimant's vehicle presented at the hearing. He alleges injury to his head, neck, back, wrist, shoulder, right knee and arm. Because of an irregular heartbeat, he was transported by ambulance to Ronald Reagan-UCLA Medical Center. He was treated there and released.

Thereafter, claimant sought medical treatment with a number of health care providers including Drs. Green, Shimizu, Feder, Jordan, Vlachos, Fuller, Miller, Rhoten, Bajaj and Goldstein. He also underwent numerous diagnostic and medical procedures and physical therapy.

At the request of the defense, claimant was examined by Dr. Rah, a board certified spine surgeon. Dr. Rah testified that much of Mr. Greenberg's complaints were preexisting, although he admitted much of the care was indicated. Video deposition testimony of Dr. Bae indicates that claimant will need future neck and back surgery. He has already had surgery on his right knee and left shoulder. The knee surgery seems not to be related to the accident while the left shoulder surgery does.

Both sides agree that the *Howell* medical expenses total $159,758.44. Claimant testified and indicated that he is continuing to experience chronic neck and back pain. He stated that he will undergo the recommended surgeries although over four years have passed since the date of

-2-
STATEMENT OF DECISION AND ARBITRATION AWARD

ALL  000543

the accident on May 27, 2010. There is no question that he experienced chronic neck pain and headaches prior to this accident.

There is also some issue as to whether or not he actually wanted to go to UCLA Medical Center following this incident.

As indicated, he seeks significant economic and general damages.

**ANALYSIS AND CONCLUSION:**

I have reflected on this case *at length*. It offers a fascinating snapshot into our health care delivery system.

Beginning in 2010 and even earlier, claimant embarked on what can only be described as an odyssey of health care and treatment. By my count, he has seen approximately 15 physicians and related health care providers for his myriad medical problems. The result, of course, being the increase in medical expenses. However, both sides agree that the *Howell* number is $159,758.44. There is also a claim for significant future medical expenses.

Claimant alleges that he will undergo the recommended neck and back surgeries, but I am not convinced that he will. Over four years have passed since the motor vehicle accident and these surgeries have not occurred. Thus, I find there has been a failure of proof by claimant that he will actually undergo said recommended procedures. There are also elements of "overstatement" and some "symptom magnification" apparent.

I do conclude that the *Howell* medical expense number is "reasonable" based on all of the medical care received, both diagnostic and otherwise.

I have also been asked by both sides to apportion claimant's damages between the preexisting conditions and injuries arising out of the subject accident. Based on a review of all of the testimony and evidence presented, I conclude that 60% of claimant's injuries are related to the subject accident and 40% are preexisting.

As there is no claim for loss of earnings, this leaves the issue of economic and general damages for past and future pain and suffering and future medical treatment. Again, from a review of all of the testimony and evidence presented, a figure of $200,000 for these claims is fair, just and reasonable. Combining the *Howell* figure with this number results in a gross award of

-3-
STATEMENT OF DECISION AND ARBITRATION AWARD

ALL 000544

$359,758.44. Applying the apportionment figure of 40% to preexisting conditions, results in a reduced amount of $215,855.06.

Deducting the previously received $15,000 from the underinsured motorist Lomeli, results in a net award of $200,855.06 and said amount is hereby awarded to claimant.

DATED: September 25 2014

By: _____
DARRELL A. FORGEY
Neutral Arbitrator

092514 Stmt of dec & arb award.doc

-4-
STATEMENT OF DECISION AND ARBITRATION AWARD

Page 47

ALL 000545

<u>PROOF OF SERVICE</u>

I am employed in the county of Orange, State of California. I am over the age of eighteen and not a party to the within action, and my business address is: 1851 E. First Street, Suite 1600, Santa Ana, CA 92705.

On September 25, 2014, I served the following document: **STATEMENT OF DECISION AND ARBITRATION AWARD** on the interested parties in the matter of **JEFFREY GREENBERG VS. ALLSTATE INSURANCE COMPANY** by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

John Nojima, Esq.
Lederer & Nojima LLP
12100 Wilshire Blvd., Suite 480
Los Angeles, CA 90025
**Email: jnojima@LNTLB.COM**

Keith Hunter, Esq.
Law Offices of Gregory J. Lucett
330 North Brand Blvd., Suite 900
Glendale, CA 91203
**Email: keith.hunter@allstate.com**

X  I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business.

X  By electronic mail on **September 25, 2014**

___  By Facsimile, on _____ I faxed such document from our facsimile telephone number (714) 834-1344 to the offices of the parties as stated on the service list. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

X  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September **25, 2014**, at Santa Ana, California.

Regina Lopez
Judicate West

PROOF OF SERVICE

Page 48

ALL  000546